UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DOGBAR FISHING CHARTERS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) 2:16-cv-00373-JAW ) |
| WESLEY D. LASH, d/b/a LASH BROTHERS BOATYARD, | ) ) ) ) |
| Defendant. | ) |

**ORDER DISMISSING MOTION FOR DEFAULT JUDGMENT**

On July 19, 2016, Dogbar Fishing Charters, Inc., filed a complaint in this Court against Wesley D. Lash, d/b/a Lash Brothers Boatyard, alleging that Mr. Lash breached their contract to fabricate and finish a 38 foot Flowers fishing vessel and engaged in fraud by converting to his personal use monies that Dogbar paid to Mr. Lash for work on the vessel. *Compl.* (ECF No. 1). The summons was served on Mr. Lash on July 25, 2016, and filed with this Court on July 29, 2016. *Summons in a Civil Action* (ECF No. 8). On August 16, 2016, Dogbar moved for entry of default, and on August 17, 2016, the Clerk of Court entered default against Mr. Lash. *Pl.'s Mot. for Default Pursuant to F.R.C.P. 55(a)* (ECF No. 9); *Order Granting Mot. for Entry of Default* (ECF No. 10).

Having successfully obtained an attachment on the real property on which Mr. Lash operates his business on August 18, 2016, *Order on Mot. for Attach.* (ECF No. 11), Dogbar now moves for a default judgment in the amount of $160,000.00 together

with allowable costs. *Pl.'s Mot. for Default J. Pursuant to F.R.C.P. 55(b)(1)* (ECF No. 13).

The motion for default judgment is based on a number of misconceptions. First, Dogbar misunderstands the term "sum certain" as used in Rule 55(b)(1). FED. R. CIV. P. 55(b)(1). Dogbar contends that the affidavit that it submitted in support of its motion for attachment is for a "sum certain" and therefore it is entitled to judgment in that amount. It is wrong. The term "sum certain" refers to a claim where "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs. v. Designs by FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003). Examples of a "sum certain" include "actions on money judgments, negotiable instruments, or similar actions where the damages sought can be determined without resort to extrinsic proof." *Id.* at 19-20 (quoting *Interstate Food Processing Corp. v. Pellerito Foods, Inc.*, 622 A.2d 1189, 1193 (Me. 1993)). Here, the amount of Dogbar's damage depends upon extrinsic proof and is not for a sum certain under Rule 55(b)(1).[1]

Dogbar's second misconception is which section of Rule 55(b) applies. If, as Dogbar erroneously asserts, the claim is for a sum certain, Rule 55(b)(1) allows the clerk to enter judgment in favor of the plaintiff. If the claim is not for a sum certain, Rule 55(b)(2) applies. Here, Dogbar is asking for default judgment under Rule 55(b)(1), when it should be asking for default judgment pursuant to Rule 55(b)(2).

---

[1] As with a claim for a "sum certain," no hearing is required under Rule 55(b) for liquidated damages. *See KPS*, 318 F.3d at 20. There is no indication that Dogbar is making a liquidated damages claim here.

Although theoretically a plaintiff could seek a judicial order of default for a sum certain, Dogbar has failed to comply with the requirements for a default judgment under Rule 55(b)(2). Dogbar failed to address the "has appeared" issue under *Key Bank of Maine v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 353 (1st Cir. 1996) ("[A] defaulting party 'has appeared' for Rule 55 purposes if it has 'indicated to the moving party a clear purpose to defend the suit'") (quoting *Muniz v. Vidal*, 739 F.2d 699, 700 (1st Cir. 1984)). *See Katahdin Paper Co. v. U&R Sys., Inc.*, 231 F.R.D. 110, 112-13 (D. Me. 2005); *United States v. Spring House Assocs.*, No. 1:15-cv-00057-JAW, 2015 U.S. Dist. LEXIS 107053, at *6 (D. Me. Aug. 14, 2015) ("Before issuing a default judgment, the Court will require the United States to demonstrate compliance with *Key Bank*").

Dogbar has also failed to comply with the requirements of the Servicemembers Civil Relief Act of 2003, 50 U.S.C. app. § 521 (current version at 50 U.S.C. § 3931). The Act requires a plaintiff to file an affidavit stating whether the defendant is in the military service before the court can enter a default judgment. 50 U.S.C. §§ 3931(a), (b). Although there is no reason to think that Mr. Lash is protected by the terms of the Act, the law still requires an affidavit from the movant establishing that the Act does not apply. *See, e.g.*, *United States v. Veilleux*, No. 04-223-P-C, 2005 U.S. Dist. LEXIS 33219, at *7 (D. Me. Dec. 13, 2005); *Coss v. Clemente*, No. 3:10-1479, 2011 U.S. Dist. LEXIS 71891, at *3 (M.D. Pa. June 9, 2011) ("The [Servicemembers Civil Relief] Act is clear that an affidavit is a mandatory precondition to any default judgment, even if the requirements of Rule 55 for default judgment are otherwise met")

3

(citations omitted); *Nationwide Prop. & Cas. Ins. Co. v. Janis*, No. 1:08-cv-00153, 2008 U.S. Dist. LEXIS 52998, at *6 (M.D. Pa. July 11, 2008) ("[T]he Court does not have the power to excuse the lack of an affidavit concerning Janis' alleged default").

Finally, Dogbar should not assume that the contents of the Complaint, its attachment, and the contents of its motion for attachment and its attachments, are sufficient to enter judgment in the amount of $160,000 against Mr. Lash. *KPS*, 318 F.3d at 19 ("While the District Court may not have been obligated to hold an evidentiary hearing, it could not just accept [plaintiff's] statement of the damages") (quoting *Transatl. Marine Claims Agency v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). Dogbar attached to the Complaint a contract that establishes that the Contractor's costs, subject to any change orders, "shall not exceed $198,150." *Compl.* Attach. 1 *Boat Fabrication Agreement* at 2 (ECF No. 1). In addition, Dogbar attached to the affidavit in support of the motion for attachment a report from Michael L. Collyer, a senior marine surveyor, who performed a marine survey of the Flowers 38 lobster yacht and found that the vessel "appears approximately 50% to 60% complete, not considering that much of what has been done may need to be redone." *Aff. of James N. Alvarez in Supp. of Pl.'s Mot. for Approval of Attach.* (*Alvarez Aff.*) Attach. 1 *Letter from Michael L. Collyer to James Alvarez* at 1 (July 14, 2016) (ECF No. 5). Mr. Collyer lists a series of deficiencies but ascribes no figures to correct them. *Id.* at 1-3. Mr. Alvarez states that "[o]n information and belief, probable expense for this corrective work will be in the range of $100,000." *Alvarez Aff.* at 10. But Mr. Alvarez does not reveal the source of his corrections estimate and

4

the Court has no basis to determine its accuracy. *Id.* Mr. Alvarez's affidavit does establish that Dogbar paid Mr. Lash $160,000.00 from June 1, 2015 through June 23, 2016. *Id.* at 1-7.

As noted, Mr. Collyer's report indicates that Mr. Lash completed about 50% to 60% of the required work on the vessel; there is no reason the Court should assume that all of Mr. Lash's work on the vessel was defective. At the very least, the Court should be satisfied that Dogbar's $160,000.00 damage figure represents a reasonable estimate of the cost of the corrective work to be performed, a reasonable estimate of the cost of the unperformed portion of the contracted work, and a proper credit for work adequately performed. The First Circuit has written that "[i]n limited circumstances we have permitted district courts to dispense with a Rule 55(b)(2) hearing, even in the face of apparently unliquidated claims." *KPS*, 318 F.3d at 21. For example, the First Circuit observed that a "district court, 'intimately familiar with the case from years of travail,' did not abuse discretion when it forwent hearing and calculated damages from 'mortgage and loan agreements, certifications by the taxing authorities, and other documents of record.'" *Id.* (quoting *HMG Prop. Inv'rs, Inc. v. Parque Indus. Rio Canas, Inc.*, 847 F.2d 908, 919 (1st Cir. 1988)).

Here, based on the information presented by Dogbar, the Court remains to be convinced that Dogbar's damages demand is not merely the say-so of the plaintiff.

The Court DISMISSES without prejudice Plaintiff's Motion for Default Judgment Pursuant to F.R.C.P. 55(b)(1) (ECF No. 13).

SO ORDERED.

                                                                 <u>/s/ John A. Woodcock, Jr.</u>
                                                                 JOHN A. WOODCOCK, JR.
                                                                UNITED STATES DISTRICT JUDGE

Dated this 1st day of September, 2016